IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MANTOR AUTO & TRUCK
REPAIR, LLC,

       Plaintiff,

  v.

KNIGHT SPECIALTY
INSURANCE COMPANY,

       Defendant.

Case No. 3:25-CV-45

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT KNIGHT SPECIALTY INSURANCE COMPANY'S MOTION TO SET ASIDE DEFAULT AND MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME; OVERRULING PLAINTIFF MANTOR AUTO & TRUCK REPAIR, LLC'S MOTION FOR DEFAULT JUDGMENT

---

This action comes before the Court on Plaintiff Mantor Auto & Truck Repair, LLC's ("Plaintiff") Motion for Default Judgment against Defendant Knight Specialty Insurance Company ("Defendant"). Doc. #7. Defendant filed a response in opposition 26 days after the motion was filed, alleging deficiencies in service. Doc. #10. Within that response, Defendant also moved to set aside the Clerk's entry of default and moved the Court to permit them to file an answer out of time. *Id.* Plaintiff did not file a reply in favor of its own Motion for Default Judgment, nor did it file a response in opposition to Defendant's Motion.

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The Sixth Circuit employs wide leniency when interpreting this good cause standard: "[I]n general, our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

The Court, therefore, SUSTAINS Defendant's request to set aside the Clerk's entry of default, and SUSTAINS Defendant's Motion to File an Answer out of Time. Doc. #10. Defendant has 30 days from the entry of this Order to file an Answer. Plaintiff's Motion for Default Judgment, Doc. #7, is OVERRULED.

Date: June 11, 2025

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE